UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY CRAFT,** *Plaintiff,* | § § § | |
| v | § § | CIVIL ACTION NO. ___-cv-_____ |
| **HOUSTON ZOO, INC.,** *Defendant.* | § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

1. Plaintiff, Larry Craft, brings this lawsuit against Defendant, The Houston Zoo.

### I. SUBJECT MATTER JURISDICTION AND VENUE

2. This Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

3. The Court has subject matter jurisdiction over this case based on federal question jurisdiction under the Americans with Disabilities Act of 1990 ("ADA") and Age Discrimination in Employment Act ("ADEA"). 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Texas, Houston Division because a substantial portion of the events forming the basis of this suit occurred in this District. 28 U.S.C.§ 1391(a).

### II. PARTIES

5. Plaintiff, Larry Craft ("Craft" or "Plaintiff"), is an individual residing in League City, Galveston County, Texas.

6. Defendant, Houston Zoo, Inc. (the "Zoo" or "Defendant"), is a domestic entity doing business in Harris County, Texas. The Zoo's stated principal place of business is 1513 N

1

Macgregor Dr. Houston, TX 77030-160. The Zoo can be served through its registered agent Lee C Ehmke at 1513 Cambridge, Houston, Texas 77030.

### III.   FACTS

7. The Zoo hired Craft in May 20, 2013, as the Facilities Maintenance Manager and during the Zoo's second restructuring under Ron Pendergrass, the Zoo promoted Mr. Craft to Preventative Maintenance Manager.

8. During his entire employment with Defendant Craft was over the age of 40.

9. Defendant employs more than twenty employees at its Houston location for each working day during twenty or more calendar workweeks for each calendar year at issue here.

10. Craft was qualified for his job as a Preventive Maintenance Manager and has an actual, perceived or record of disability that substantially limits a major life activity. He has a disabled knee, which affects his ability to walk and climb.

11. In 2017, Craft requested and was granted leave under the FMLA for knee surgery and physical therapy. He was out of work for a total left knee replacement from April 20, 2017, through July 30, 2017, on approved FMLA leave.

12. He could perform my job duties when he returned to work, but some tasks, *e.g.*, walking long distances and climbing a ladder were difficult. The Zoo was aware of these physical limitations. For example, he gave the Zoo a doctor's note (return to work permit) informing it that he could not climb ladders.

13. When Craft returned to work, he was close to retirement.

14. During the time he was out for surgery, or around that time, the Zoo hired a new CEO - Lee Ehmke and new COO of Facilities - Sheryl Kolasinski. Both Mr. Ehmke and Ms. Kolasinski planned to terminate Craft because of his age, 65, and his disability, his disabled knee.

15. Also, during this time, or around this time, Mr. Ehmke and Ms. Kolasinski created a new job description for Preventative Maintenance Manager to try and force Craft to quit his job. But Craft takes great pride in his work, and he was within one year of retirement, but the constant harassment made it hard to perform his work tasks.

16. Paul McAuley - the New Director of Zoo Maintenance - removed him from his office and put him in a cubicle right outside of his office. Mr. McAuley also verbally abused and taunted me because of my age and disability by saying things like: "who wants to quit their job so I can get my budget down by $60,000?" Craft made $60,000. He made these comments (and others similar to it) multiple times.

17. My employer made many offensive and derogatory comments about my age. It was so severe that it resulted in my termination.

18. Craft notified the EEOC of the harassment and discrimination on August 9, 2018.

19. Craft's employer, the Zoo, harassed and discriminated against him and retaliated against him in violation of the Americans with Disabilities Act ("ADA"). Craft's employer's harassment, discrimination, and retaliation affected a term and condition of his employment. The Zoo fired him on August 10, 2018.

20. Craft's employer, the Houston Zoo, harassed and discriminated against him and retaliated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). The Zoo's harassment, discrimination, and retaliation affected a term and condition of Craft's employment. The Zoo fired Craft on August 10, 2018.

21. Mr. McAuley, Ms. Kolasinski, and the head of Human Resources fired Craft on August 10, 2018. He was an exceptional employee at the Zoo.

22. The Zoo's stated reason for his termination is misconduct, but the Zoo never disciplined him in any form or fashion. Misconduct is a false reason for his termination. The Zoo terminated Craft and retaliated against him because of his age and disability.

## VI. DISCRIMINATION AND HARASSMENT UNDER THE ADEA § 29 U.S.C. 621

23. Plaintiff incorporates all of the preceding paragraphs herein for all purposes.

24. Defendant's actions as explained above constitute age discrimination under 42 U.S.C. § 2000e.

25. Plaintiff is a member of a protected class because he is over 40 years of age.

26. Defendant discriminated against Plaintiff because of his age.

27. Defendant harassed Plaintiff because of his age. The harassment was severe and pervasive such that it led to creating a hostile work environment and the Zoo firing Craft.

28. Plaintiff suffered an adverse employment action because the Zoo fired him because of his age.

29. Defendants' actions caused Plaintiff to suffer damages.

## VII. DISABILITY DISCRIMINATION UNDER THE ADA 42 U.S.C. § 12101 *et seq*.

30. Plaintiff incorporates all of the preceding paragraphs herein for all purposes.

31. Defendant's actions as explained above constitute discrimination and wrongful termination because of a disability under the ADA.

32. Because of Plaintiff's knee surgery, he had a physical impairment that substantially limits a major life activity, walking and climbing.

33. Plaintiff's impairment qualifies as a disability within the meaning of the ADA, he had a history of a disability, or was perceived by his employer as having a disability.

34. Plaintiff was able and qualified to perform the essential functions of his job with or without reasonable accommodations.

35. Defendants had knowledge of his disability.

36. Defendants discriminated against Plaintiff because of his disability by firing him.

37. Plaintiff has suffered an adverse employment action because the Zoo fired him.

38. Defendants' actions caused Plaintiff to suffer damages.

39. Defendants acted with malice or reckless disregard for Plaintiff.

## VIII.   RETALIATION UNDER THE ADEA AND ADA

40. Plaintiff incorporates all of the preceding paragraphs herein for all purposes.

41. Plaintiff is a person who is protected by the ADEA (he is over 40, he is 65) and the ADA (he has a disability, walking and climbing, that affects a major life activity that the Zoo had knowledge of, perceived, or a history of the disability).

42. Plaintiff complained to the EEOC about harassment and discrimination under the ADA and ADEA on August 9, 2018.

43. Complaining to the EEOC about harassment and discrimination is a protected activity.

44. Defendant terminated Plaintiff on August 10, 2018, in retaliation for complaining to the EEOC about age and disability harassment and discrimination.

## IX.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

45. Plaintiff has exhausted his administrative remedies. Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on or about November 8, 2018. **Attached as Exhibit A.** The EEOC issued its right to

sue on February 26, 2019. **Attached as Exhibit B.** Plaintiff files this Complaint within 90 days of receiving his notice of the right to sue from the EEOC.

## X.   DAMAGES

46.   The preceding paragraphs are incorporated by reference as if fully set forth herein.

47.   Craft seeks the following damages: back pay, front pay (and the economic value of fringe benefits, including: any medical, retirement, and vacation benefits), compensatory damages, mental anguish damages, emotional distress, pain and suffering, harm to reputation, punitive damages, pre-and post-judgment interest, and any other damages to which he is entitled to at law or in equity.

48.   Craft also seeks recovery of his reasonable and necessary attorney's fees and costs of court.

## XI.   JURY DEMAND

49.   Craft hereby demands a jury trial. And he has paid the requisite jury fee.

## XII.   PRAYER

50.   Craft respectfully asks that he be awarded a judgment against Defendant for the following:

   a.   actual damages, including but not limited to;

   b.   back-pay;

   c.   front-pay;

   d.   the economic value of fringe benefits, including: any medical, retirement, and vacation benefits;

   e.   compensatory damages;

   f.   pain and suffering;

g. emotional distress;

h. harm to reputation;

i. punitive damages;

j. pre-judgment and post-judgment interest;

k. court costs;

l. mental anguish;

m. reasonable attorney's fees; and

n. all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

LAW OFFICE OF SHANE MCCLELLAND, PLLC

*/s/ Shane McClelland*
Shane A. McClelland
Texas State Bar No.: 24046383
SDTX Bar No.: 642324
Attorney-in-Charge for Plaintiff
24275 Katy Freeway, Ste. 400
Katy, Texas 77494
Telephone: (713) 987-7107
Fax: (832) 827-4207
Email: shane@hmtrial.com

**ATTORNEYS FOR PLAINTIFF,
LARRY CRAFT**